IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

LAKESIA CHANDLER,
Individually and as Next Friend
to Minor Jasmine Davis                                                PLAINTIFF

v.                         Case No. 2:11-cv-11-DPM

L'OREAL USA INC.,
L'OREAL USA PRODUCTS INC.,
and WAL-MART STORES, INC.                                            DEFENDANTS

ORDER

Wal-Mart's motion to clarify, *Document No. 20*, is partly granted and partly denied: the Court clarifies its ruling, but denies the other relief requested. First, the Court was unaware at the March 22nd hearing that Wal-Mart had been served in early March. This service does not change the jurisdictional analysis. *Pecherski v. General Motors Corp.*, 636 F.2d 1156, 1158–61 (8th Cir. 1981). Second, the Court did not drop Wal-Mart from the case. The Court ruled that Wal-Mart was a party against whom the complaint made no claim. Diversity jurisdiction thus existed at removal and still exists. Third, no party moved the Court to dismiss Wal-Mart for misjoinder, which is essentially what Wal-Mart now seeks under Federal Rule of Civil Procedure

21. Fourth, there is inadequate time to hear from Plaintiff and the L'Oreal Defendants on Wal-Mart's motion because Wal-Mart's time to answer probably runs today if service occurred on 8 March 2011. FED. R. CIV. P. 12(a)(1)(A)(i). Fifth, if the Court grants Plaintiff's pending motion to amend her complaint, then Wal-Mart will remain in the case. If the Court denies that motion, then Wal-Mart's presence could be addressed by a motion to dismiss. Considering all the material circumstances, the Court comes to these conclusions: Wal-Mart remains a party, albeit one in an odd posture; and Wal-Mart's time to answer or otherwise respond to the complaint should be and is extended until 8 April 2011. The Court looks forward to all the parties' responses to the motion to amend.

So Ordered.

*[signature]*

D.P. Marshall Jr.
United States District Judge

29 March 2011