**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

LAKESIA CHANDLER,                )
INDIVIDUALLY, AND AS NEXT        )    CAUSE NO. 2:11-cv-0011-DPM
FRIEND TO MINOR JASMINE DAVIS,   )
                                 )
            Plaintiff,           )
                                 )
v.                               )
                                 )
L'OREAL, USA, INC., and          )
L'OREAL USA PRODUCTS, INC.,      )
                                 )
            Defendants.          )
                                 )

**BRIEF IN SUPPORT**
**of PLAINTIFF'S MOTION for VOLUNTARY DISMISSAL**

## I.     FACTUAL AND PROCEDURAL BACKGROUND

This lawsuit arises out of the permanent disfigurement and severe third-degree burns

Plaintiff, Jasmine Davis, (hereinafter, "Plaintiff") sustained while using Defendant's *Garnier*

*Fructis Anti-Friz Sleek & Shine Serum* (hereinafter, "Serum") in September, 2010.  The case was

initiated in State court in January 2011.  The case was removed to Federal court upon Notice of

Removal filed by Defendants on January 19, 2011, to which Plaintiff filed a Motion to Remand

on January 31, 2011.  Defendants responded to the Plaintiff's motion on February 19, 2011 and a

hearing was held on March 22, 2011.  At the hearing, the Court denied Plaintiff's Motion to

Remand.  On March 23, 2011 Plaintiff filed a Motion to Amend her Complaint, to which

Defendant responded in opposition on April 9, 2011.  A hearing was held on Plaintiff's motion

on May 9, 2011.  At that hearing the Court granted in part and denied in part Plaintiff's Motion to Amend her Complaint.

## II. STANDARD OF REVIEW

Rule 41(a)(2) of the Federal Rules of Civil Procedure applies to Plaintiff's Motion to Dismiss.  The Rule provides in part, "By order of court – Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper."  A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of this Court.  See, e.g., Bodecker v. Local Union No., 640 F.2d 182 (8th Cir. 1981); Kern v. TXO Production Corp., 738 F.2d 968 (8th Cir. 1999).  However, courts generally follow the "traditional principle" that **voluntary dismissal** without prejudice should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. 9 Wright & Miller, Federal Practice & Procedure § 2364 (1995); Paulucci v. Duluth, 826 F.2d 780 (8th Cir. 1987); Manshack v. Southwestern Electric Power Co., 915 F.2d 172 (5th Cir. 1990) (It is not a bar to dismissal that plaintiff may obtain some tactical advantage by filing a second lawsuit).

The purpose of Rule 41 is to freely allow voluntary dismissal unless the parties will be unfairly prejudiced.  Standard Energy Corporation v. Columbia Gas Transmission Corporation, 2006 U.S. Dist. LEXIS 39945 (S.D. Va. June 15, 2006).  See also, McCall-Bey v. Franzen, 777 F.2d 1178 (1985) (the general purpose of the rule is to preserve the plaintiff's right to take a voluntary nonsuit and start over so long as the defendant is not hurt); Stevedoring Servs. of America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989); Total Containment, Inc. v. Aveda Mfg. Corp., 1990 U.S. Dist. LEXIS 16637 (E.D. Pa. Dec. 7, 1990); Nat'l Specialty Ins.

Co. v. AIG Domestic Claims, 2010 U.S. Dist. LEXIS 6925 (2010) (citing Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986) (plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant); Sox v. Estes Express Lines, 92 F.R.D. 71 (1981) (prejudice of a sort to weigh in favor of denying a motion to voluntarily dismiss has been described as "plain legal prejudice.").   In determining whether Defendant will suffer plain legal prejudice, a court may consider such factors as:  1) the Defendant's effort and the expense involved in preparing for trial; 2) excessive delay and lack of diligence on the part of the Plaintiff in prosecuting the action; 3) insufficient explanation of the need to take a dismissal; and 4) the fact that a motion for summary judgment has been filed by the Defendant.  O'Reilly v. R.W. Harmon & Sons, Inc., 124 F.R.D. 639 (8th Cir. 1989); Witzman v. Gross, 148 F.3d 988, 992 (8th Cir.1998); Pace v. Southern Express Co., 409 F.2d 331 (1969); Cahalan v. Rohan, 423 F.3d 815, 818 (8th Cir. 2005) (affirming lower court decision granting **voluntary dismissal** without prejudice);  Kovalic v. DEC International, Inc., 855 F.2d 471 (7th Cir. 1988).  However, each factor does not have to be resolved in favor of the Plaintiff in order for the Court to grant Plaintiff's motion.  Tyco Laboratories, Inc. v. Koppers Co., 627 F.2d 54 (7th Cir 1980).

### III. ARGUMENT

A. THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO DISMISS BECAUSE DEFENDANTS HAVE NOT EXERTED SIGNIFICANT TIME TO THIS CASE.

This court should grant Plaintiff's motion to dismiss because Defendants have not exerted a significant amount of time and effort to the case and would not, otherwise, be prejudiced in the granting of Plaintiff's motion.  In granting Plaintiff's motion for voluntary dismissal, a court may consider Defendant's effort and the expense involved in preparing for trial.  Witzman v. Gross,

148 F.3d 988, 992 (8th Cir. 1998); <u>Pace v. Southern Express Co.</u>, 409 F.2d 331 (1969).  <u>But see,</u>

<u>Wells Fargo Bank, N.A. v. Horob</u>, 2008 U.S. Dist. LEXIS 83992 (2008) (*motion granted –*

Defendant would not be unfairly affected by the voluntary dismissal of the action.  "The only

possible prejudice to Defendant is the possibility of a subsequent lawsuit in this Court, which is

not a sufficient reason to deny a dismissal without prejudice"); <u>Hall v. Vlahoulis</u>, 2008 U.S. Dist.

LEXIS 1104 (2008) (dismissal would not waste judicial time or effort because the work done on

the case to date could be used if plaintiff were to refile the action).  The present action was filed

this year, January, 2011.  Since that time there has very little activity in the case.  Defendants

removed the action to this Court to which Plaintiff objected; and Plaintiff filed a motion to

amend her complaint to which Defendants objected.  There have only been two hearings, both of

which involved the aforementioned pleadings.  Moreover, the parties only recently began

discovery approximately three (3) weeks ago, of which Defendants have requested and received

an extension to submit responses.  As such, it cannot be said that Defendants have spent

significant time, effort, or expense in defending this case to warrant denial of Plaintiff's motion

to voluntarily dismiss.  Assuming, *arguendo*, that Defendants have exerted time and effort that

might be considered significant, such fact would still not equate to a prejudice under Rule 41.

<u>Der v. E.I. Dupont de Nemours & Co.</u>, 142 F.R.D. 344, 346 (M.D. Fla. 1992). (Defendant's

costs and attorney's fees are not prejudice).  Moreover, the Eighth Circuit has emphasized that

awarding attorneys' fees and expenses is the "typical" condition (and remedy to Defendant's

prejudice) imposed by a district court in granting a voluntary dismissal even though most of the

Defendants' costs and attorneys will not be lost or wasted because they can all be recycled if

Plaintiff refiles. <u>See</u>, <u>e.g.</u>, <u>Kern</u>, 738 F.2d at 972-73; and <u>Belle-Midwest v. Mo. Property &</u>

Casualty Ins. Guar. Ass'n, 56 F.3d 977, 979 (8th Cir. 1995).  For this reason this Court should grant Plaintiff's motion.

B. THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO DISMISS BECAUSE THERE ARE NO DISPOSITIVE MOTIONS PENDING.

This Court should grant Plaintiff's motion for voluntary dismissal because there are no dispositive motions pending.  In granting Plaintiff's motion for voluntary dismissal, a court may consider whether a dispositive motion, such as a motion for summary judgment, has been filed by the Defendant.  See, Witzman at 992 and Southern Express Co., at 7.  Where no dispositive motion has been filed or imminent, courts have granted Plaintiff's motion for voluntary dismissal.  See, e.g., Hall v. Vlahoulis, 2008 U.S. Dist. LEXIS 1104 (2008) (*motion granted* – no summary judgment had been filed); Tennessee v. Waters, 2010 U.S. Dist. LEXIS 126984 (2010) (*motion granted* – Two factors weighed in favor of dismissal. The first – Case was in its early stages; Defendants' efforts and expenses in preparation for trial were minimal (only a notice of removal, a response to a motion to remand and an answer had been filed). The second – No motion for summary judgment had been filed by any defendant)).  This factor also weighs in favor of the Plaintiff because, as previously stated, this case is in its early stages of litigation and the parties only recently began discovery.  Therefore the parties have not reached a determination of the merits of the case that would even warrant a motion for summary judgment from either side.  For this reason Plaintiff's motion should be granted.

C. THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO DISMISS BECAUSE PLAINTIFF CONTINUES TO RECEIVE MEDICAL TREATMENT.

This Court should grant Plaintiff's motion for voluntary dismissal because Plaintiff continues to receive treatment for her injuries and will continue to do so in the future.  In deciding whether to grant Plaintiff's motion for voluntary dismissal a court may also consider the

reason(s) for requesting the dismissal.  See, Witzman at 992 and Southern Express Co., at 7. Here Plaintiff is not certain when she might be discharged from doctor's care which makes it difficult, or at least premature, for Plaintiff to proceed in the litigation of this case.  Since the onset of her injuries, Plaintiff has had continuous doctor's visits each month of this year.  Just recently, June 17, 2011, Plaintiff had her fourth (4th) surgery at the Elvis Presley Regional Medical Center and Plaintiff is scheduled to have her fifth (5th) operation tomorrow, July 6, 2011.

> D. THE COURT SHOULD GRANT PLAINTIFF'S MOTION TO DISMISS BECAUSE PLAINTIFF HAS NOT DELAYED OR LACKED DILIGENCE IN PROSECUTING THE CASE OR FILING THIS MOTION.

This Court should grant Plaintiff's motion for voluntary dismissal because Plaintiff has not unreasonably delayed the filing of this motion and has not delayed or lacked diligence in the prosecution of the case.  Another factor this Court may consider in granting Plaintiff's motion is whether the Plaintiff has caused or is causing an unreasonable delay in the filing of the motion for voluntary dismissal.  Witzman, at 992.   Courts have considered excessive delay in the following:  Rast v. City of Pigeon Forge, 2011 U.S. Dist. LEXIS 24947 (2011) (Plaintiffs failed to undertake discovery, were not cooperative in scheduling their depositions, failed to appear at depositions, and failed to respond to defendant's request for admissions; appeared to have "backed off" from pursing their claims); Cairo Marine Serv. v. Homeland Ins. Co., 2010 U.S. Dist. LEXIS 2010 (case had been pending for more than a year and was nearly ready for trial; parties had filed multiple motions, including motions to remand, to dismiss, to amend pleadings, to compel discovery, and for sanctions; parties had reached the deadline for completing discovery while expecting the case would proceed to trial; motions for summary judgment were due in less than two weeks).  This factor also weighs in favor of the Plaintiff.  Here, however,

Plaintiff has been diligent in the Prosecution of this case from the beginning.  Plaintiff's injuries occurred in September 2010 after which Plaintiff was hospitalized until November 2010.  Plaintiff then filed suit in January 2011.  Defendants filed a Notice of Removal, removing the case to this court, that same month to which Plaintiffs immediately responded and filed her Motion to Remand.  Plaintiff then filed a Motion to Amend her Complaint in March 2011.  It is now the beginning of July, 2011 (only 6 months into the case) in which Plaintiff seeks the present relief.  Plaintiff has, thus, been diligent in prosecution of this case and has not excessively delayed in the filing of this motion or in the overall litigation of this case.  For this reason Plaintiff's motion should be granted.

### III. CONCLUSION

In conclusion, this Court should grant Plaintiff's motion for voluntary dismissal without prejudice.  Defendants will not be prejudiced by the granting of Plaintiff's motion because this case is in its early stages of litigation; Defendants have not exerted significant time, effort and expenses in litigating the case; neither party has filed a motion for summary judgment or any other dispositive motion(s); and Plaintiff has not engaged in the excessive delay in filing this motion or in the overall prosecution of this case.  For these reasons, Plaintiff's motion should be granted.

Respectfully submitted,

/s/ *Kevin Kelley*
KELLEY|WITHERSPOON, LLP
1700 Broadway St.
Little Rock, AR 72206
(501) 225-5669
(501) 225-5670 Facsimile
Kevin Kelley
Arkansas Bar No. 20100089
kelley@kwlawyers.com
Britt Cannon Johnson

Arkansas Bar No. 2008059
johnson@kwlawyers.com

BLAND LAW OFFICES
Vandell Bland, Sr.
Arkansas Bar No. 92062
vandellbland@yahoo.com
306 N. Forrest Street
Forrest City, AR 72335

*ATTORNEYS FOR PLAINTIFF*

## <u>CERTIFICATE OF SERVICE</u>

I, Kevin Kelley, do hereby affirm that on this 18th day of July, 2011 a true and correct copy of the foregoing pleading was served upon the following using the CM/ECF system:

| | |
|---|---|
| Steven W. Quattlebaum | via e-mail:  swq@qgtb.com |
| Kristine G. Baker | via e-mail:  kgb@qgtb.com |
| Everett Clarke Tucker, IV | via e-mail:  ctucker@qgtb.com |

QUATTLEBAUM, GROOMS,
TULL & BURROW PLLC
111 Center Street, Suite 1900
Little Rock, AR 72201

*ATTORNEYS FOR DEFENDANTS,*
*L'OREAL USA, INC. and*
*L'OREAL USA PRODUCTS, INC.*

/s/*Kevin Kelley*