IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

| | |
|---|---|
| LAKESIA CHANDLER, INDIVIDUALLY, AND AS NEXT FRIEND TO MINOR JD, <br><br> Plaintiff, <br><br> v. <br><br> L'OREAL, USA, INC., and L'OREAL USA PRODUCTS, INC. <br> Defendants. | CAUSE NO. 2:11-cv-0011-DPM |

# L'OREAL'S[1] BRIEF IN OPPOSITION TO MOTION FOR VOLUNTARY DISMISSAL

Plaintiff seeks to dismiss voluntarily her claims against L'Oreal in this Court for the stated reason that Plaintiff's continuing medical treatment prevents her from pursuing litigation at this time. This case may be voluntarily dismissed only by order of the Court. When determining whether to grant the dismissal, applicable case law directs that the Court should consider whether Plaintiff has presented a proper explanation for her desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice L'Oreal. An examination of these factors demonstrates that the Court should deny Plaintiff's motion. If, however, the Court is inclined to accept Plaintiff's stated reasons for her need to delay prosecution of the case, then the Court should stay the litigation until such time that Plaintiff is ready to proceed, rather than dismiss the case. Such action would provide

---

[1] Although Defendants L'Oreal USA, Inc. and L'Oreal USA Products, Inc. deny that L'Oreal USA Products, Inc. has any relationship to the facts as asserted in this matter, for the purposes of this Opposition, both entities will be referred to collectively as "L'Oreal."

Plaintiff with the same benefit she seeks from her motion while avoiding the negative consequences that would come with an outright dismissal.

## RELEVANT PROCEDURAL HISTORY

Plaintiff filed suit in Arkansas state court against three captioned entities: L'Oreal USA, Inc., L'Oreal USA Products, Inc. (collectively "L'Oreal"), and Wal-Mart Stores, Inc. ("Wal-Mart"). Dkt. No. 2. L'Oreal timely removed the case under 28 U.S.C. § 1332 on the basis that complete diversity existed between the proper parties because Wal-Mart, the only non-diverse defendant, had been fraudulently joined. Dkt. No. 1. Thereafter, L'Oreal answered Plaintiff's Complaint. Dkt. Nos. 4, 5. Following a request to remand and hearing thereon, this Court found that Plaintiff's Complaint failed to state even a colorable claim against Wal-Mart, and thus this Court would retain jurisdiction. Dkt. No. 15; Dkt. No. 18, Hr'g T. at 31.

Plaintiff then moved the Court for leave to amend the Complaint, seeking to add a jury demand, to substitute a claim for outrage, and to attempt to state a colorable justiciable claim against Wal-Mart under Arkansas law. Dkt. No. 16. Additionally, Wal-Mart filed a Motion to Dismiss. Dkt. No. 22. After a hearing on both motions, the Court granted Wal-Mart's Motion to Dismiss without prejudice. Dkt. No. 33. Further, the Court granted in part and denied in part Plaintiff's Motion for Leave to Amend, allowing Plaintiff to add a jury demand and to substitute the claim for outrage but denying Plaintiff's request to add claims against Wal-Mart. Dkt. No. 33. Plaintiff has yet to file an amended complaint.[2]

---

[2] On June 15, 2011, Plaintiff filed a Complaint in the Circuit Court of Phillips County, Arkansas against Wal-Mart, alleging facts and seeking to recover damages on claims that are virtually identical to the facts Plaintiff has alleged and the claims Plaintiff has filed against L'Oreal in this action. Complaint against Wal-Mart, attached to the Opposition as Exhibit 1 ("Wal-Mart Complaint"). The Wal-Mart Complaint is pending a Motion to Stay in light of the instant, more advanced, case, as well as Plaintiff's admission that litigation is pre-mature in light of her uncertain and ongoing medical care and treatment for injuries allegedly sustained as a result of the incident alleged in her state and federal Complaints.

On July 18, 2011, Plaintiff filed a Motion for Voluntary Dismissal in this case pursuant to Fed. R. Civ. P. 41(a)(2) asking the Court to dismiss this action without prejudice because of Plaintiff's continued medical treatment. Dkt. Nos. 36, 37.

## LEGAL STANDARD

Under Fed. R. Civ. P. 41(a)(2), "[o]nce an answer . . . has been filed, an action may be dismissed at the plaintiff's request only upon order of the court and upon such terms and conditions as the court deems proper." *Hamm v. Rhone-Poulenc Rorer Pharm., Inc.*, 187 F.3d 941, 950 (8th Cir. 1999). "A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court." *Id.* "In exercising that discretion, a court should consider factors such as whether the party has presented a proper explanation for its desire to dismiss, whether a dismissal would result in a waste of judicial time and effort, and whether a dismissal will prejudice the defendants." *Id.* (citations omitted). Indeed, "after answer, [Rule 41(a) voluntary] dismissals should be granted only 'if no other party will be prejudiced.'" *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) (quoting 9 Wright & Miller, *Federal Practice & Procedure-Civil* § 2362 (1971)). Further, a "party may not dismiss simply to avoid an adverse decision or seek a more favorable forum." *Cahalan v. Rohan*, 423 F.3d 815, 818 (8th Cir. 2005); *Hamm*, 187 F.3d at 950.

## DISCUSSION

**A.    Plaintiff's Request To Dismiss Voluntarily Her Complaint Should Be Denied.**

*Hamm* directs district courts to consider three factors when reviewing a Rule 41(a) motion for voluntary dismissal. Each of these three factors weighs in favor of denying Plaintiff's motion.

### 1. Whether The Party Has Presented A Proper Explanation For Its Desire To Dismiss

As the stated reason for requesting the dismissal of this action, Plaintiff contends that Plaintiff continues to receive medical treatment, including surgeries, which makes it difficult, or at least premature, for Plaintiff to proceed in the litigation of this case. Dkt No. 36, ¶ 6; Dkt. No. 37, pp. 5-6. L'Oreal certainly understands Plaintiff's need to receive ongoing medical treatment and further understands that such treatment might impose some difficulty on Plaintiff's ability to pursue and resolve this case. L'Oreal further acknowledges that it is in no place to determine the extent to which Ms. Davis's ongoing medical treatment might inhibit Plaintiff's ability to proceed in this litigation.

Plaintiff's own conduct, however, strongly suggests that the ongoing medical treatment does not inhibit her ability to seek recovery for her claims and to pursue litigation toward that end. Plaintiff was certainly aware of Ms. Davis's ongoing treatment and likely need for further treatment, including surgery, when this action was filed in state court on January 14, 2011, Dkt. No. 2, and the ongoing treatment has not inhibited the proceedings of this case thus far. Additionally, Ms. Davis actually gave a statement regarding this case with her attorneys present in the room on November 23, 2010, just two months after the incident giving rise to this case and eight months before the Motion for Voluntary Dismissal was filed.

Perhaps most instructive, Plaintiff cited Ms. Davis's fourth surgery at the Elvis Presley Regional Medical Center on June 17, 2011 as one of the reasons why litigation in this case would be premature. Yet two days before, on June 15, 2011, Plaintiff filed a separate action against Wal-Mart in Arkansas state court alleging facts and claims that are virtually identical to the facts and claims alleged against L'Oreal in this case. *See* Ex. 1, Wal-Mart Complaint.

Plaintiff's Motion for Voluntary Dismissal represents Plaintiff's third attempt to remove this case from a federal forum.  As the Court is aware, Plaintiff has previously filed a Motion to Remand and Motion for Leave to Amend the Complaint, which would have added claims against a non-diverse defendant and necessitated a remand of this case to state court.  As the Court is also aware, each of Plaintiff's first two attempts to remove this case from the federal forum proved unsuccessful.  Only after these attempts and after Plaintiff initiated separate litigation in state court against Wal-Mart did Plaintiff move to dismiss this case voluntarily for reasons of Ms. Davis's ongoing medical care.  It is evident at this point that Plaintiff would prefer to proceed in state court, but Plaintiff is not permitted to dismiss merely to seek a more favorable forum.  *Cahalan*, 423 F.3d at 818; *Hamm*, 187 F.3d at 950.  The totality of the circumstances leaves some question as to whether Plaintiff has presented a proper explanation for her desire to dismiss, and Plaintiff's explanation should not persuade the Court to do so.

**2.     Whether A Dismissal Would Result In A Waste Of Judicial Time And Effort**

While L'Oreal acknowledges that trial is not imminent, the Court, Plaintiff, and L'Oreal have all expended considerable time and resources on this case already.  Both parties have produced initial disclosures with accompanying documents.  Both parties have propounded a set of interrogatories and requests for production.  Plaintiff has already responded, producing additional documents, and L'Oreal is well underway in the process of doing the same.  Over two months ago, L'Oreal requested dates for the depositions of Ms. Chandler and Ms. Davis.  Finally, the parties and the Court have expended considerable resources on determining the proper forum for this action.  Prior to this motion, Plaintiff previously filed two motions that were fully briefed on both sides and for which the Court held hearings.  This case has been in litigation for six months and has been progressing steadily during that time; thirty-seven

pleadings have been filed already. All of the time, effort, and resources expended on this case thus far by the Court and much of the resources expended by the parties would be wasted were the Court to grant Plaintiff's motion. Accordingly, this factor weighs against the Court granting Plaintiff's Motion for Voluntary Dismissal.

### 3. Whether A Dismissal Will Prejudice The Defendants

As the court in *Kern* ruled, Rule 41(a) voluntary dismissals should be granted only if no other party will be prejudiced. 738 F.2d at 970. Were the Court to grant Plaintiff's motion, L'Oreal would be prejudiced in at least three ways. First, L'Oreal has incurred significant costs and fees defending this case, both for all the proceedings that have already taken place as demonstrated above and for working to prepare this case for trial. Dismissing this case in its entirety would result in an unnecessary and substantial waste of L'Oreal's resources. Second, dismissal of the case would cause a significant delay in its resolution.

Finally, L'Oreal has an interest in maintaining a federal forum. *See Ryan v. Schneider Nat'l Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). The concept of diversity jurisdiction is founded on the notion that a federal court provides a more just forum for out-of-state defendants like L'Oreal than the court of the state and county in which the plaintiff resides. L'Oreal, and indeed this Court and Plaintiff, have expended substantial resources to determine that the United States District Court for the Eastern District of Arkansas is the appropriate forum to litigate this case between Plaintiff and L'Oreal.[3] The loss of that forum would be detrimental and prejudicial

---

[3] Indeed, this case is truly between Plaintiff and L'Oreal and not between Plaintiff and Wal-Mart. In *Holbrook v. Andersen Corp.*, the plaintiff moved for voluntary dismissal so that it could proceed in state court against the defendant in the federal action and against other defendants in a then-pending state action, one of which was a non-diverse defendant and was a seller in a vertical distribution chain. 130 F.R.D. 516, 518, 520 (D. Me. 1990). The court denied the motion, at least in part, because the defendant in the federal case was above the non-diverse defendant in the distribution chain and so would ultimately be liable for any judgment rendered against the non-diverse defendant and because there was no contention that the defendant in the federal case would be "unable to respond by payment of any judgment entered against it." *Id.* at 520. The same analysis applies here, and the involvement of Wal-Mart in this case, whether in state or federal court, can only serve one purpose: to prevent

6

to L'Oreal. Accordingly, this factor weighs against the Court granting Plaintiff's Motion for Voluntary Dismissal.

**B.     Rather Than Dismiss It, The Court Should Stay This Case Until Plaintiff Is Ready To Proceed.**

As an alternative to dismissing the case if the Court is inclined to accept Plaintiff's stated reason for a need to delay the case, L'Oreal requests that the Court stay the present action until such time that Plaintiff has concluded her medical treatment to the point where Plaintiff considers it prudent to proceed in the litigation. Such action provides Plaintiff with the identical benefit she seeks from her Motion for Voluntary Dismissal—delay of the case until such time that Plaintiff determines that Ms. Davis's medical treatment has reached a point where litigation of the case may proceed. At the same time, a stay would preserve the case's status in this Court. As a result, all actions that have been taken in this case thus far would remain valid when the case resumes an active posture. The parties, including Plaintiff, would not have to re-do discovery or any of the pleadings and motions already prepared as they would upon the initiation of a new case. None of the resources that have been expended thus far by the Court or the parties will have been wasted. The case would remain in federal court, thereby protecting L'Oreal's interest in the federal forum and upholding the result that this Court and the parties have worked so hard to determine. Indeed, a stay avoids all the negative consequences that would come with an outright dismissal and instead offers the Court, Plaintiff, and L'Oreal a better alternative.

Of course, the power of a district court to stay an action pending on its docket is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N.*

---

L'Oreal the protections to which it is entitled in the federal forum. L'Oreal is providing a defense on behalf of Wal-Mart to the allegations Plaintiff made in the action now pending in the Circuit Court of Phillips County.

*American Co.*, 299 U.S. 248, 254 (1936); *Fullington v. Pfizer, Inc.*, 2011 WL 692055, Case No. 4:10-CV-00236-JLH (E.D. Ark. Feb. 18, 2011) (quoting *Landis*).

## CONCLUSION

For all these reasons, Plaintiff's Motion for Voluntary Dismissal should be denied. In the alternative, the Court should exercise its inherent power over its docket and stay this action until such time that Plaintiff determines she is ready to proceed with litigation.

        Respectfully submitted,

        QUATTLEBAUM, GROOMS,
          TULL & BURROW PLLC
        111 Center Street, Suite 1900
        Little Rock, AR  72201
        Phone: (501) 379-1700
        Fax:    (501) 379-1701
        kbaker@qgtb.com

By: /s/ Kristine G. Baker
    Steven W. Quattlebaum, Ark. Bar No. 84127
    Kristine G. Baker, Ark. Bar No. 96211

*Attorneys for L'Oreal USA, Inc.*
*and L'Oreal USA Products, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of the filing to the following:

Britt Cannon Johnson
bcannonjohnson@gmail.com; bcjohns@sbcglobal.net

Kevin Kelley
Kelley@kwlawyers.com; Johnson@kwlawyers.com

Vandell Bland, Sr.
vandellbland@yahoo.com

       /s/ Kristine G. Baker
      Kristine G. Baker